(102 So. 462)

## PELHAM v. STATE. (4 Div. 913.)

(Court of Appeals of Alabama. Oct. 28, 1924. Rehearing Denied Nov. 11, 1924.)

1. Statutes ⬥188—Construed with reference to common meaning and acceptation of terms, unless different meaning indicated by context.

Statutes are construed with reference to common meaning and acceptation of terms, unless it appears from context that different or technical meaning is to be given them.

2. Animals ⬥96—"Growing crops," within statute justifying injury to trespassing animals, defined.

"Growing crops," as used in statute mitigating or justifying injury to animals trespassing thereon, means things usually and commonly planted, cultivated, and harvested for use or profit of husbandman, and does not include Bermuda grass in pasture (quoting Words and Phrases, First Series, "Crop").

3. Animals ⬥96—Malice not necessary ingredient of offense of shooting trespassing mule.

Malice is not necessary ingredient of offense of shooting trespassing mule, it being sufficient if shooting was unlawfully done. Code 1907, § 6230.

On Rehearing.

4. Criminal law ⬥829(1)—Refusing charges substantially covered by court's oral charge not error.

Refusing charges fairly and substantially covered by court's oral charge is not error. Acts 1915, p. 815.

5. Criminal law ⬥789(3)—Defendant admitting uncontroverted fact of shooting trespassing animal cannot complain of refusal of charge on reasonable doubt.

Where defendant admitted, and there was no conflict in evidence, that he shot trespassing mule, only question for jury being amount of damages, he could not complain of injury in refusal of charge on reasonable doubt.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Neoma (alias Bud) Pelham was convicted of unlawfully killing a mule, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Pelham, 212 Ala. 325, 102 So. 464.

Charge 1, refused to the defendant, is as follows:

"The court charges the jury that if you believe from the evidence that, at the time the mule was shot, there was no malice in the mind of the defendant, it was a trespass, and the defendant cannot be convicted."

McDowell & McDowell, of Eufaula, for appellant.

Trespass upon a growing crop may be shown in mitigation of the offense. Code 1907, § 6231.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A Bermuda pasture is not a growing crop, within the statute. 12 Cyc. 975; 2 Words and Phrases, 1756.

FOSTER, J. The defendant was indicted for, and convicted of, wanton injury to animals, the particular offense being that he shot a mule belonging to one Vinson. He justified under the statute upon the theory that the mule had broken into and was trespassing upon growing crops.

The evidence showed that the trespass was upon a Bermuda grass pasture, inclosed and used as such; that it had been sodded and was cared for, and maintained as a pasture. The court instructed the jury that such a pasture as described in the evidence could not be held to be growing crops within the purview of the statute of mitigation or justification, and this constitutes the only question presented for decision. We find no error in this ruling.

[1, 2] Statutes are construed with reference to the common meaning and acceptation of their terms, unless it appears from the context that a different or technical meaning is to be given the terms employed.

"Crop, as defined by Webster, is: 'That which is gathered; the corn or fruits of the earth collected; harvest; the word which includes every species of fruit or product gathered for man or beast; corn or other cultivated plants, while growing (a popular use of the word); anything cut off or gathered.' The etymology of the word crop appears to be from the Saxon crop, or cropp, signifying the crop of a fowl, a cluster of ears of corn, grapes, ears of corn, and from the Welsh cropiad, a gathering or taking hold of. Webst. verb. Crops. The definition given by Webster is even broader than the popular signification of the word. Under the former, as we see, not only is meant grain produced from annual vegetation, but also fruits from

trees and perennial plants. But it is at least doubtful if, under the common and restrictive acceptation of the term, anything more would be understood than products from annual plants, as cereals, maize, etc., and the latter appears to be the sense in which the term is employed in technical legal parlance. Crop, says Bouvier, is nearly synonymous with emblements, and by this term is understood the crops growing upon the land. By crops is here meant the products of the earth which grow yearly, and are raised by the annual expense and labor, or great manurance and industry, such as grain, but not fruits which grow on trees, which are not to be planted yearly, or grasses and the like, though they are annual. Bouv. Law Dict. verb. Emblements." 2 Words & Phrases, First Series, p. 1756.

As used in the statute, the term "growing crops," means those things usually and commonly planted, cultivated and harvested for the use or profit of the husbandman, and does not include Bermuda grass in a pasture. 12 Cyc. 975; 7 Corpus Juris 379, notes b, c, and d.

[3] Charge No. 1 requested by the defendant was properly refused. Malice was not a necessary ingredient of the offense. It was sufficient if the shooting was unlawfully done. Code 1907, § 6230.

Charge No. 2, the general charge for the defendant, was properly refused as there was ample evidence to justify a conviction.

The judgment is affirmed.

Affirmed.

### On Rehearing.

[4] The unnumbered charge refused to defendant reads as follows:

"The court charges the jury that if you have a reasonable doubt as to the guilt of the defendant growing out of the evidence you will acquit the defendant."

This rule of law is fairly and substantially covered by the court's oral instructions. The court will not be put in error for refusing charges fairly and substantially covered by the court's oral charge. Acts 1915, p. 815. It is better and safer if the charge asserts a correct legal principle, to give it, unless it is in the exact language of a given charge.

[5] However, the defendant in the instant case admitted shooting the mule and on this point there was no conflict in the evidence. The only question for the jury about which there was a conflict was the value of the injury to the mule. The court would have been justified under the evidence in giving the affirmative charge for the state had it been requested in writing, leaving to the jury the assessment of the fine. The defendant cannot therefore complain of injury in the refusal of the requested charge.

The application for rehearing is overruled.